UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:04CV0722 AGF |
| J & S COMPANIES, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on two separate unopposed motions filed by Plaintiffs, each motion seeking partial summary judgment. Plaintiffs are three employee benefit plans and their trustees. Defendant is a corporation obligated under a collective bargaining agreement to make monthly contributions to the funds on behalf of its employees, based upon the number of hours employees worked. In this action, filed under § 515 the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145, Plaintiffs seek to recover delinquent contributions due the funds and to ensure Defendant's continued compliance with its obligation to make monthly contributions. The record establishes that contributions for each month are due by the 15th of the following month, and 20% in liquidated damages is due if the contributions are not paid by the 30th of the following month. When Plaintiffs filed this lawsuit on June 9, 2004, Defendant had not paid its contributions for January 2004 through April 2004.

On January 28, 2005, following a hearing, this Court entered a Preliminary Injunction ordering Defendant to make all payments, by certain dates, due the Welfare

Fund for work performed in December 2004 and January 2005. The first motion now before the Court was filed on March 23, 2005. It seeks partial summary judgment in the amount of $324,330.17, consisting of delinquent contributions, liquidated damages, and/or interest owed from January 2004 through January 2005 for reported hours. The second motion was filed on April 8, 2005, and seeks partial summary judgment in the additional amount of $55,221.90, consisting of audit costs in the amount of $2,059.00 and delinquent contributions, liquidated damages, and interest for unreported hours for an audited period of April 1, 2001 through May 31, 2004. Plaintiffs offer affidavits and documentary evidence showing their entitlement to these amounts. Defendant has not responded to either motion. Trial in this matter is set for October 11, 2005.

This Court must grant summary judgment if the pleadings and evidentiary showing demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); Chicago Truck Drivers, Helpers & Warehouse Workers Union (Independent) Pension Fund v. Brotherhood Labor Leasing, 950 F.Supp. 1454, 1464 (E.D. Mo. 1996), aff'd, 141 F.3d 1167 (8th Cir. 1997).

Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a
> multiemployer plan under the terms of the plan or under the terms of a
> collectively bargained agreement shall, to the extent not inconsistent
> with law, make such contributions in accordance with the terms and
> conditions of such plan or such agreement.

29 U.S.C. § 1145. This section creates a federal right of action independent of the contract on which the duty to contribute is based; "Congress intended that this section would simplify actions to collect delinquent contributions, avoid costly litigation, and

2

enhance the actuarial planning necessary to the administration of multiemployer pension plans." Central States, SE & SW Areas Pension Fund v. Independent Fruit & Produce Co., 919 F.2d 1343, 1347-1348 (8th Cir. 1990). Unpaid contributions, interest, liquidated damages, and costs are recoverable in a collection action. 29 U.S.C. § 1132(g)(2)(C).[1]

Upon review of the record, the Court concludes that Plaintiffs are entitled to the amounts sought.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for partial summary judgment [Doc. # 35 ] is **GRANTED** in the amount of $324,330.17 for delinquent contributions, liquidated damages, and/or interest owed from January 2004 through January 2005.

**IT IS FURTHER ORDERED** that Plaintiffs' second motion for (partial) summary judgment [Doc. # 38 ] is **GRANTED** in the amount of $55,221.90 for delinquent contributions, liquidated damages, interest, and audit costs for the period of

---

[1] Attorney's fees are also recoverable. Plaintiffs assert that they will seek such fees at the conclusion of the entire case.

April 1, 2002 through May 31, 2004.

                                          _____
                                          AUDREY G. FLEISSIG
                                          UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of May, 2005.